UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,

        v.

JEROLD WALKER, also known as Rocco,

                Defendant.
_____

REPORT & RECOMMENDATION

14-CR-6182L

## PRELIMINARY STATEMENT

By Order of Hon. David G. Larimer, United States District Judge, dated December 9, 2014, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B).  (Docket # 4).

On December 2, 2014, the grand jury returned a three-count indictment against defendant Jerold Walker, a/k/a Rocco ("Walker").  (Docket # 1).  The first count charges Walker with conspiring from 2012 through November 2, 2013 to possess with intent to distribute and to distribute cocaine base and heroin, in violation of 21 U.S.C. § 846.  (*Id.*).  Count Two charges him with possessing and discharging a firearm on November 2, 2013, in furtherance of the charged drug conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).  (*Id.*).  The third count charges Walker with possessing a firearm on November 2, 2013, after having previously been convicted of felony offenses, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (*Id.*).

Currently pending before the Court is Walker's motion to suppress evidence of photographic identifications made by three witnesses.[1]  (Docket # 18).  For the reasons discussed below, I recommend that the motion be granted in part and denied in part.

## PROCEDURAL BACKGROUND

This Court held a two-stage hearing on Walker's motion.  (Docket ## 32, 39).  At the first stage held on September 15, 2015, the Court explored whether the identification procedures used with the three witnesses were unduly suggestive.  Following consideration of the parties' post-hearing submissions (*see* Docket ## 36, 37), the Court rendered a decision from the bench on December 22, 2015.  The Court found that the identification procedures utilized with witnesses Taylor Fall and Stephen J. Faulkner (identified during the September hearing as "Stephen J"), each of which employed a single photograph of Walker, were unduly suggestive, and determined that a further hearing was necessary to consider whether each witness's identification nevertheless "possesses sufficient aspects of reliability." *United States v. Bubar*, 567 F.2d 192, 197 (2d Cir.) (citing *Manson v. Brathwaite*, 432 U.S. 98, 109-17 (1977)), *cert. denied*, 434 U.S. 872 (1977).  (*See* Docket # 38).

As this Court noted in its bench decision, the Second Circuit has "consistently condemned the exhibition of a single photograph as a suggestive practice, and where no extenuating circumstances justify the procedure, as an unnecessarily suggestive one." *Wiggins v. Greiner*, 132 F. App'x 861, 865 (2d Cir.) (quoting *Mysholowsky v. People*, 535 F.2d 194, 197

---

[1] Through his prior counsel, Walker filed an omnibus motion seeking various forms of relief, namely, *Jencks* material, Rule 404(b), 608, 609 evidence, preservation of rough notes, and leave to file additional motions.  (Docket # 18).  Each of the motions was decided by the undersigned or resolved by the parties in open court on June 3, 2015.  (Docket # 21).  Supplemental motions filed by Walker's current counsel sought a bill of particulars, *Brady* material, discovery and inspection, a conspiracy hearing, *Jencks* material, and leave to file additional motions.  (Docket # 27).  These motions were also resolved or determined in open court on September 2, 2015 and September 15, 2015.  (Docket ## 30, 31).

(2d Cir. 1976)), *cert. denied*, 546 U.S. 986 (2005).  In this case, no extenuating circumstances were proffered by the government to justify the use of the single photograph identification procedure, and this Court thus determined that the second stage of the bifurcated hearing was warranted with respect to the identifications made by Fall and Faulkner.  That hearing was held on January 22, 2016.  (Docket # 39).

By contrast, the Court found that no continuation of the *Wade* hearing was necessary with respect to the photographic identification made by the third witness.  During a meeting with the unidentified witness on July 23, 2014, Gerard O'Sullivan ("O'Sullivan"), an agent with the Bureau of Alcohol, Tobacco and Firearms, first showed the witness a photograph captured from a traffic light camera and thereafter showed the witness a photographic array. (Docket # 33 at 11-18, 31-38).  For the reasons explained in my bench decision, I find that neither the procedures utilized with the third witness nor the photograph and photographic array that the witness viewed were unduly suggestive.  Accordingly, I recommend that the district court deny Walker's motion to suppress evidence of the identifications by the witness on July 23, 2014.

## DISCUSSION

### I.    Identification by Faulkner

At the continuation of the *Wade* hearing held on January 22, 2016, the government called Stephen Faulkner ("Faulkner").  (Docket # 39).  Faulkner, who was 53 at the time of the hearing, testified that he "smoked a lot of crack" during the period 2010 through 2013.[2]  He estimated that he spent approximately $3,000 per month to purchase crack cocaine

---

[2] The Court's recitation of the testimony derives from its review of the digital recording of the hearing.  A transcript of the hearing has not been prepared.

during that period. Faulkner also indicated that he suffered from undisclosed mental health issues during that period, for which he was not taking medication.

According to Faulkner, at some point in 2010, a man he knew as Stanley introduced him to another man with the nickname "Rocco." Faulkner explained that he had been purchasing crack cocaine from Stanley at Stanley's house in Elmira, New York for about one month before Stanley introduced him to Rocco. According to Faulkner, Rocco quickly became one of Faulkner's frequent crack cocaine suppliers.

Faulkner testified that he purchased crack cocaine from Rocco approximately three to four times per week for about three years. Faulkner stated that the purchases occurred behind Stanley's house, often on a porch of a house at the rear of Stanley's. According to Faulkner, the transactions were brief hand-to-hand purchases, during which he could see Rocco's face. All told, Faulkner estimated, he bought crack cocaine from Rocco on at least 50 occasions during the 2010-2013 period. At the hearing, Faulkner identified Walker as the man he knew as Rocco.

Faulkner testified that he sometimes bought drugs behind Stanley's house from another individual to whom Stanley had introduced him, a man he knew by the name of "Grits." Sometimes Rocco and Grits were together when Faulkner purchased crack from one or the other.

At the earlier hearing on September 15, 2015, Agent O'Sullivan testified that he met with Faulkner on November 17, 2014, interviewed him, and took a statement from him about his involvement in drug transactions with Rocco. (Docket # 33 at 18-23). After obtaining a statement from Faulkner, O'Sullivan showed him a single photograph of Walker and asked him if he recognized the individual. (*Id.* at 23). According to O'Sullivan, Faulkner responded, "Yes. That's Rocco." (*Id.*).

The Supreme Court has counseled that the factors relevant to a determination whether an identification has an independently reliable basis include:

> [T]he opportunity of the witness to view the [defendant] at the time of the [contact,] the witness's degree of attention, the accuracy of the witness's prior description of the [defendant,] the level of certainty demonstrated by the witness [during the identification,] and the length of time between the [contact] and the [identification].

*Neil v. Biggers*, 409 U.S. 188, 199-200 (1972). Consideration of these factors in this case leads me to conclude that Faulkner had an independently reliable basis for identifying Walker when he was shown the single photograph. Although Faulkner's meetings with Walker were brief, they occurred frequently over a three-year period and served an important function in Faulkner's life – to obtain drugs to satisfy his crack cocaine habit. Faulkner testified clearly that the meetings were in person, the transactions were hand-to-hand, and he could see the face of the man he knew as Rocco. Within a year or slightly more of his last purchase from Rocco, he was shown the defendant's photograph and unequivocally identified him as Rocco.

In sum, the testimony before the Court at the *Wade* hearing establishes that Faulkner had an independently reliable basis to identify Walker, whom he knew as Rocco. *See, e.g.*, *United States v. Wolfish*, 525 F.2d 457, 462 (2d Cir. 1975) (independent basis for identification existed where witness had three prior ten-minute meetings with defendant during which defendant had made unusual requests), *cert. denied*, 423 U.S. 1059 (1976); *Robinson v. Artus*, 664 F. Supp. 2d 247, 259-60 (W.D.N.Y. 2009) (independent basis existed where one witness had known defendant for two months prior to the crime and defendant had been a frequent overnight guest of other witness); *United States v. Perez*, 248 F. Supp. 2d 111, 114-16 (D. Conn. 2003) (independent basis for identification existed where witness had opportunity to observe defendant over a two-day period) (collecting cases); *United States v. Alexander*, 923

F. Supp. 617, 622, 625 (D. Vt. 1996) (identification independently reliable where witness had purchased narcotics from defendants on a weekly basis over several months); *United States v. Shakur*, 1987 WL 5368, *1 (S.D.N.Y. 1987) (denying request for *Wade* hearing relating to photographic identifications by witnesses who had "extensive, personal contacts with [defendant] in both licit and illicit activities").  That Faulkner may have been a heavy user of crack cocaine at the time he interacted with Walker is not a sufficient basis to exclude the identification from the jury, although it is a permissible issue for cross-examination and may affect the weight the jury affords the identification.  *See*, *e.g.*, *Burgess v. Conway*, 2010 WL 6841526, *13 (S.D.N.Y. 2010) (trial court properly admitted identification testimony despite witness's admission that he had consumed heroin and cocaine prior to witnessing the crime), *report and recommendation adopted*, 2011 WL 2638141 (S.D.N.Y. 2011); *DeChirico v. Walker*, 558 F. Supp. 2d 355, 362, 368, 370 (E.D.N.Y. 2008) (trial court did not err in admitting identification testimony despite witness's inconsistent testimony, admitted drug use and motive to fabricate testimony; "[the witness's] drug use and self-interest impact only the weight of the evidence[;] [t]hey fall short of rendering his testimony incredible as a matter of law"); *Ayala v. Ercole*, 2007 WL 1135560, *9 (E.D.N.Y. 2007) (trial court properly admitted identification testimony despite the fact that the witnesses admitted consuming alcohol or drugs on night of incident); *Gilbert v. Superintendent of Collins Corr. Facility*, 2004 WL 287683, *9 (S.D.N.Y. 2004) (same).  After a careful review of the testimony, I cannot conclude that under all of the circumstances of this case there is "a very substantial likelihood of irreparable misidentification" warranting suppression of Faulkner's identification testimony.  *See Neil v. Biggers*, 409 U.S. at 197 (quoting *Simmons v. United States*, 390 U.S. 377, 384 (1968)).

**II.     Identification by Fall**

After this Court scheduled the continuation of the *Wade* hearing to examine whether Taylor Fall had an independently reliable basis to identify Walker, the government advised the Court that it did not intend to elicit any identification testimony from Fall at trial. (*See* Docket # 40).  Accordingly, this Court recommends that the district court deny as moot Walker's motion to suppress identification testimony of Taylor Fall.

## CONCLUSION

For the reasons stated above, I recommend that the district court deny Walker's motion to suppress evidence of pretrial identifications by Stephen Faulkner on November 17, 2014, and by the unidentified witness on July 23, 2014.  **(Docket # 18)**.  I further recommend that the district court deny as moot Walker's motion to suppress evidence of a pretrial identification made by Taylor Fall.  **(Docket # 18).**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       March 9, 2016

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[3]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g.*, *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                                  United States Magistrate Judge

Dated: Rochester, New York
        March 9, 2016

---

[3] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).