UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                        Plaintiff,

                                                    DECISION & ORDER

            -vs-                                    14-CR-6182

JEROLD WALKER,
a/k/a Rocco,

                        Defendant.

Defendant, Jerold Walker, has been indicted and charged with narcotics and firearms offenses. This Court referred all pretrial matters, including motions, to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b).

Walker filed a motion to suppress identification testimony elicited from three witnesses contending that the procedures utilized by law enforcement were impermissible and unduly suggestive. Magistrate Judge Payson considered the motions, conducted several suppression hearings and accepted post-hearing memoranda from the parties. The Court has received and reviewed transcripts of hearings on September 15, 2015 and January 22, 2016.

Magistrate Judge Payson issued a thorough Report and Recommendation (Dkt. #42), recommending that this Court deny the motions to suppress identification testimony as to two of the witnesses, Stephen Faulkner and an as yet unidentified witness. The Magistrate Judge also

recommended denial of the motion as to a third witness, Taylor Fall, because the Government has now indicated that it would not offer any identification testimony from that witness.

Defendant Walker filed timely Objections (Dkt. #47) to the Report and Recommendation and the Government filed a response to those objections (Dkt. #48).

After reviewing all the matters referenced, I accept and adopt the Magistrate Judge's Report & Recommendation in full.  I see no reason to modify or reject the recommendation.  Therefore, defendant's motion to suppress identification testimony is denied.

First, there were three witnesses that made identifications.  The Government has now represented that it will not seek to elicit any identification testimony from the witness, Taylor Fall. There was an identification from an unidentified individual.  That witness was shown a photographic array and the witness identified the defendant in that array.  The Magistrate Judge reviewed the array, as have I, and I believe the array to be a fair one and not unduly suggestive in any way.  In his objections, Walker claims some of the photographs are lighter than others, but the array depicts individuals of about the same age and appearance, and are not suggestive.  Therefore, the motion relative to this witness is denied.

Another witness, Stephen Faulkner, also made an identification.  He was initially shown a single photograph and identified that photograph as defendant.  As the Magistrate noted, use of such a single photograph was unduly suggestive.

The Magistrate Judge, though, conducted a hearing to determine whether the witness had an independent basis to identify defendant Walker, who the witness knew as Rocco.  After listening to the testimony, Judge Payson concluded that based on the numerous opportunities the witness had to view Walker, there was an independent basis for the identification, and the single photograph display did not warrant preclusion of the identification testimony.  I agree with Magistrate Judge

Payson.  The record is clear that the witness, who was a drug user, allegedly made numerous drug

purchases from Rocco.  These were hand-to-hand transactions and the witness estimated that he

made 50 such purchases over the span of several years.  These were all face-to-face transactions and

the witness had ample opportunity to observe Walker.

I agree with Judge Payson that there is no likelihood of misidentification here.  The witness

had an independent basis, based on the numerous face-to-face meetings with defendant, to make the

identification.

In his objections, defendant claims that because the witness was a drug user and had some

mental health issues, that his testimony was not credible and should be rejected.  I disagree and

believe that the numerous occasions that the witness had to view the defendant provides ample basis

for him to make the identification.


**CONCLUSION**

I accept and adopt the Report & Recommendation of United States Magistrate Judge Marian

W. Payson (Dkt. #42).

Defendant's motion to suppress the identification testimony of the unidentified witness and

of the witness Stephen Faulkner is in all respects denied.

Since the Government seeks no identification from a third witness, Taylor Fall, that motion

to suppress is denied as moot.

IT IS SO ORDERED.

_____
HON. DAVID G. LARIMER
United States District Judge


Dated:        May 5, 2016
              Rochester, New York