1

1                    UNITED STATES DISTRICT COURT

2                    WESTERN DISTRICT OF NEW YORK

3

4

5    - - - - - - - - - - - - -X
     UNITED STATES OF AMERICA          14-CR-6182(L)
6
     vs.
7                                      Rochester, New York
     JEROLD WALKER,                    September 13, 2016
8              Defendant.              1:55 p.m.
     - - - - - - - - - - - - -X
9

10

11                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE DAVID G. LARIMER
12                  UNITED STATES DISTRICT JUDGE

13

14                    WILLIAM J. HOCHUL, JR., ESQ.
                      United States Attorney
15                    BY: DOUGLAS GREGORY, ESQ.
                      Assistant United States Attorney
16                    500 Federal Building
                      Rochester, New York 14614
17

18
                      PETER PULLANO, ESQ.
19                    16 Wast Main Street, Suite 740
                      Rochester, New York 14614
20                    Appearing on behalf of the Defendant

21

22

23
     COURT REPORTER:    Christi A. Macri, FAPR-CRR
24                      Kenneth B. Keating Federal Building
                        100 State Street, Room 2120
25                      Rochester, New York 14614

**P R O C E E D I N G S**

*          *          *

1      (**WHEREUPON**, the defendant is present).

2      **THE COURT:** All right, good afternoon.  I guess we

3   have a court reporter.  All right, counsel, good afternoon.

4   Mr. Walker, good afternoon again.

5      **THE DEFENDANT:** Good afternoon.

6      **THE COURT:** We were on the record yesterday with a

7   status conference discussing the trial and we discussed at

8   some length the Government's offer and the potential

9   punishments that could result if there were a trial if

10   Mr. Walker were convicted of everything.

11      So I guess I need a report.  I do see there's a

12   proposed plea agreement here.  What is the plan?

13      **MR. PULLANO:** Judge, Mr. Walker and I met last

14   night, went over some other matters.  He had indicated to me

15   that he did wish to enter into the plea.  I communicated that

16   to Mr. Gregory this morning.

17      We do have a proposed plea agreement.  I understand

18   it's been approved.  Mr. Walker and I have gone over it --

19   unfortunately, gone over it, I guess we spent about 15, 20

20   minutes going through the various paragraphs.  Given that we

21   were talking mainly about a sentence and this is a (c)(1)(C)

22   to a specific range, I've explained that to him and the ways

23   that that will protect him, attempted to answer all of his

1    questions.  At this point I believe he is prepared to enter

2    into the plea at this time.

3         **THE COURT:** All right. The trial is scheduled for

4    Monday and I know the Government, the Court, Mr. Pullano have

01:57:33PM 5    work to do if there is to be a trial, but -- and I think

6    discussion was about a range of sentence in the plea

7    agreement.

8         It does appear to reflect the fact that it's

9    tendered under 11(c)(1)(C) to a range of 132 to 144 months.

01:57:52PM 10   That means at the time of sentence if there is a plea, the

11   Court will listen to the pitch from both sides and decide

12   where within that 132 to 144 months the Court should sentence.

13        By having the 11(c)(1)(C), of course, it takes away

14   the ability of the Court, should it choose to do so, to depart

01:58:16PM 15   upward, to impose a more serious sentence; of course, it also

16   effects the Court's ability to depart downward.

17        So, Mr. Walker, your lawyer has indicated you're

18   prepared to go ahead and take the plea, and is that your

19   decision this afternoon?

01:58:39PM 20        **THE DEFENDANT:** Yes.

21        **THE COURT:** All right. I know we met yesterday and

22   there was discussion today and the Court received the plea

23   agreement a little while ago, but I do want to make sure, even

24   though time is important, that Mr. Walker does have a full and

01:58:57PM 25   complete chance to review the plea agreement.

4

1          I think the most important provision always relates

2     to the sentence here, but both you and -- Mr. Pullano and

3     Mr. Walker -- believe you've had sufficient time?  Because I

4     don't want this to come back at some point with some claim

01:59:16PM 5     that there wasn't enough time to review the plea agreement.

6                    THE DEFENDANT: Yes.

7               MR. PULLANO: Mr. Walker's indicating that I believe

8     we have had sufficient time, and that's why I was just double

9     checking with Mr. Walker again.

01:59:34PM10                    THE DEFENDANT: I mean, I wanted to go in depth.

11                    THE COURT: I can't hear, sir.

12                    THE DEFENDANT: I wanted to go into depth over the

13    plea.  Like I just -- I was able to skim through it.

14                    THE COURT: I still can't hear you.  It's my fault.

01:59:46PM15    I guess step up to the mic.

16                    THE DEFENDANT: I was just able to skim through the

17    plea agreement through the fence.  I really didn't -- I mean,

18    I would like more time to go over it, but he's saying I got to

19    do it now.

01:59:58PM20                    THE COURT: Well, I don't know how much time you

21    think you need.  I've got the rest of the day certainly.  I

22    don't know what Mr. Pullano's schedule is.  I know the

23    Government's anxious to put some closure on this, but I just

24    don't want it to appear that you've had this plea agreement

02:00:14PM25    for only 15 minutes and you haven't had a chance to review it.

1          It's pretty straightforward to me, but then again,

2   I do this every day and you don't.  Your lawyer believes

3   you've had enough time, but it's up to you.  Because I don't

4   want you to come back a month from now or a year from now to

02:00:33PM 5   say, Judge, you made me plead guilty when I only had 20

6   minutes to review the thing.

7          Mr. Pullano, what's your schedule the rest of the

8   day?

9          **MR. PULLANO:** I've cleared everything for this, Your

02:00:51PM 10   Honor.

11          **THE COURT:** You all are here.  Would a few more

12   minutes this afternoon help?  Mr. Walker?

13          **THE DEFENDANT:** We can just proceed with it.

14          **THE COURT:** You're speaking very low, Mr. Walker.  I

02:01:07PM 15   am hard of hearing so you have to speak up.

16          **THE DEFENDANT:** We can proceed right now.

17          **THE COURT:** Pardon me?

18          **THE DEFENDANT:** I said we can proceed right now.

19          **THE COURT:** Well, I'm giving you the opportunity

02:01:18PM 20   here to take more time to discuss it with your lawyer, go over

21   the paragraphs.

22          We're going to -- we go through the plea, we'll go

23   through most of the paragraphs, but I just don't want it to

24   appear ever that you were forced by me or your lawyer or the

02:01:33PM 25   Government to do this too quickly.  So I'm offering you the

1   chance to take an hour or so and whatever time you need.

2                  THE DEFENDANT: I'm all right.

3                  THE COURT: Pardon me?

4                  THE DEFENDANT: I don't need it.

02:01:49PM 5       THE COURT: I don't know why I'm having trouble

6   hearing you.

7                  THE DEFENDANT: I can't hear out my left ear either,

8   sounds like I'm talking louder than --

9                  THE COURT: Well, I can't hear you either.

02:02:00PM 10      MR. GREGORY: I can't hear either.

11                 THE DEFENDANT: I don't need the time.  I'll plead

12  now.

13                 THE COURT: You don't need the time?

14                 THE DEFENDANT: Right.

02:02:07PM 15      THE COURT: Is that what he's saying?

16                 THE DEFENDANT: Yes.

17                 THE COURT: You want to go ahead right now?

18                 THE DEFENDANT: Yes.

19                 THE COURT: And you understand my offer to give you

02:02:14PM 20  as much time today as you need -- and now it's 2 o'clock --

21  and you're ready to go ahead?

22                 THE DEFENDANT: Yes.

23                 THE COURT: Okay, thank you.  We have a process,

24  Mr. Walker, that we go through to discuss matters relating to

02:02:32PM 25  this really for three purposes.  We want to make sure that you

1 do understand what's in the plea agreement; we want to make

2 sure you understand the consequences to you if you plead

3 guilty, especially the jail consequences; and we also want to

4 make sure you understand your constitutional and legal rights

02:02:50PM 5 in the matter.

6        As we go through this if you have any questions,

7 you can certainly stop and ask your lawyer some questions in

8 private, or you can ask me questions.

9        Do you understand all of those rights that you

02:03:04PM 10 have?

11        **THE DEFENDANT:** Yes.

12        **THE COURT:** All right. You're going to be asked

13 questions today about your understanding of the plea

14 agreement, you're going to be asked questions about what it is

02:03:13PM 15 that you did to bring you to this position, and we expect

16 truthful statements.  To impress that upon you I want to take

17 your statements here under oath as a witness.  So if you'd

18 raise your right hand?

19        (**WHEREUPON**, the defendant was sworn).

02:03:31PM 20        **THE COURT:** Tell me a little bit about yourself.

21 How old are you now?

22        **THE DEFENDANT:** I'm 39 years old.

23        **THE COURT:** All right. How far did you get in any

24 schooling?

02:03:47PM 25        **THE DEFENDANT:** I got to the 10th grade, and then I

1  got my GED.

2          **THE COURT:** Are you taking any medication or drugs

3  in the jail that you think effect your clearness of thought

4  and your mental awareness?

02:03:59PM 5          **THE DEFENDANT:** No.

6          **THE COURT:** All right.  As we've already discussed,

7  I have a copy of the plea agreement, it's some 13 pages long.

8  Have you reviewed that agreement with your lawyer?

9          **THE DEFENDANT:** Yes.

02:04:12PM 10          **THE COURT:** Even before getting the agreement did

11  you review the nature of the agreement that was brought out

12  yesterday with your lawyer Mr. Pullano, either yesterday

13  afternoon or last night?  Have you had a chance to do that?

14          **THE DEFENDANT:** Yes.

02:04:27PM 15          **THE COURT:** All right. Has anybody forced you or

16  threatened you to get you to come in here and take this plea?

17          **THE DEFENDANT:** No.

18          **THE COURT:** We will go through, with the help of

19  Mr. Gregory, some of the more crucial paragraphs, but before

02:04:44PM 20  we even do that, as you stand here this afternoon, having

21  discussed the matter with your lawyer, having reviewed it, do

22  you think you understand the plea agreement?

23          **THE DEFENDANT:** Yes.

24          **THE COURT:** All right.  Mr. Gregory, as is the norm,

02:05:03PM 25  if you would start with paragraph 1, which talks about the

1   agreement for Mr. Walker to plead to Count 1, and we'll go

2   from there?

3            **MR. GREGORY:** Certainly, Judge.  Judge, the

4   indictment in this case is a three count indictment.  However,

5   the Government is offering a plea in this case and the

6   defendant is agreeing to plead guilty to Count 1 of the

7   indictment which charges a violation of Title 21, United

8   States Code, Section 846 with regard to his involvement in a

9   conspiracy to possess with intent to distribute and to

10  distribute cocaine base.

11           The maximum possible sentence upon conviction on

12  this charge is 20 years; a fine of $1 million or both; a

13  mandatory $100 special assessment; and a term of supervised

14  release of at least three years and up to life.  These are the

15  maximum penalties that the Court could impose in this matter.

16           **THE COURT:** All right, Mr. Walker, as a matter of

17  form I need to make sure you understand the maximum penalty.

18  When we get further in the agreement, of course, there is the

19  provision that in this case should the Court accept the plea,

20  the Court is bound to sentence within the 132 to 144 months.

21  Nonetheless, I must ask you if you understand generally the

22  maximum for this crime of conspiracy is 20 years?

23           Do you understand that?

24           **THE DEFENDANT:** Yes.

25           **THE COURT:** Okay.

1        **MR. GREGORY:** With regard to the term of supervised

2 release, if the defendant has been found to violate any terms

3 or conditions of supervised release which the Court might

4 impose or with the aid of Probation also impose, the defendant

02:06:40PM 5 may be required to serve in prison up to two years without

6 credit for time previously served on supervised release.

7        As a consequence, it is possible, although not

8 likely in this case, that the defendant could serve a prison

9 term for a violation of supervised release that may result in

02:06:58PM 10 a term of imprisonment longer than the statutory maximum.

11        **THE COURT:** Do you understand that, Mr. Walker?

12 That when you are released from your sentence you will be on

13 something called "supervised release," which is sort of like

14 state parole, and if you violate any of the conditions or

02:07:16PM 15 commit a new offense you could be sent to jail for an

16 additional term up to two years.

17        Do you understand that?

18        **THE DEFENDANT:** That doesn't count towards the --

19 that doesn't count towards the --

02:07:31PM 20        **THE COURT:** This is after you do your sentence,

21 you're released from jail, you're put on supervision -- could

22 be up to three years on supervision.  And if you mess up and

23 violate the conditions, commit another offense, you could be

24 brought back before me and I could decide to do nothing, I

02:07:52PM 25 could keep you on supervision, or I could impose a jail

1   sentence.

2          Do you understand?

3          **THE DEFENDANT:** Yes.

4          **THE COURT:** All right. That really all depends on

02:08:02PM 5   your conduct after you get out of jail.

6          **MR. GREGORY:** Judge, as part of this plea, the

7   defendant is agreeing to forfeit any right or interest he

8   might have in the charged firearm, which is a Romarm/Cugir

9   model WASR 7.62 caliber rifle.  That firearm is in the

02:08:22PM 10  possession of the Government and would otherwise be destroyed

11  upon sentencing.

12         **THE COURT:** All right. That's a forfeiture

13  provision, Mr. Walker, and it's probably no surprise, but

14  you're not going to get that firearm back.  It will be

02:08:34PM 15  forfeited to the Government.

16         **MR. GREGORY:** Your Honor, in this case the defendant

17  does have a prior drug felony.  The Government has agreed that

18  in exchange for his plea of guilty, the Government will not

19  file a Section 851 information which would otherwise raise the

02:08:49PM 20  statutory maximums.

21         **THE COURT:** Maximum from what to what?

22         **MR. GREGORY:** Judge, it would go from 20 years to 30

23  years, and increase any supervised release violation.

24         **THE COURT:** All right, thank you.  We'll talk about

02:09:03PM 25  those things in a minute, too.

1          Every crime has elements, Mr. Walker, the

2    Government must prove to a jury.  And, Mr. Gregory, could you

3    summarize those -- or not summarize them, but state them,

4    which are contained on page 2 and 3 of this agreement?

02:09:21PM 5          **MR. GREGORY:** Yes, Judge.  If the case proceeded to

6    trial the Government would be required to prove beyond a

7    reasonable doubt the following elements.

8          First, that there was an agreement which existed

9    between at least two or more persons to commit a controlled

02:09:34PM 10   substance felony offense, that is, to possess with intent to

11   distribute and to distribute a mixture or substance containing

12   cocaine base.

13          Second, that the defendant knew of the existence of

14   that agreement.

02:09:45PM 15          And, third, that the defendant intended to

16   participate in that unlawful agreement.

17          **THE COURT:** All right, Mr. Walker, those are the

18   elements that make up the crime of drug conspiracy.

19          Do you understand those elements?

02:09:59PM 20          **THE DEFENDANT:** Yes.

21          **THE COURT:** Importantly in every plea agreement

22   there's something called a "factual basis," and in that

23   section the Court requires that there be some summary,

24   statement of facts to assist the Court in understanding that

02:10:19PM 25   there has been a violation.  This certainly would not be all

1   of the evidence that the Government might proffer at trial,

2   but it sets forth in summary fashion what the Government would

3   expect to prove.

4           Paragraph 6(a) through (d), four paragraphs or

02:10:38PM 5   subparagraphs, consist of the factual basis in this case.

6   Have you gone over those paragraphs when you reviewed the plea

7   agreement, discussed it with Mr. Pullano?

8           **THE DEFENDANT:** Yes.

9           **THE COURT:** Start with this question -- is there

02:10:54PM 10  anything in there that you dispute --

11          **THE DEFENDANT:** No.

12          **THE COURT:** -- or disagree with?  All right.

13  Specifically, it says between 2012 and November 2013  you,

14  with another individual, Tony Lee, possessed with intent to

02:11:13PM 15  distribute and distributed some cocaine base.  That is, that

16  you had an agreement or understanding to do that; is that a

17  fair statement?

18          **THE DEFENDANT:** Yes.

19          **THE COURT:** Subparagraph (b) it says that you and

02:11:32PM 20  Mr. Lee -- and you know Mr. Lee, I take it?  No question about

21  that, right?

22          **THE DEFENDANT:** Yes.

23          **THE COURT:** You know, okay.  It says here that you

24  and Tony obtained quantities of powder cocaine and later

02:11:51PM 25  cooked it or converted it to cocaine base, and that you then

1 sold it to other individuals either for their personal use or

2 for other distribution.  And that at times you personally

3 participated in the sale of the cocaine base.

4          Is all that true and accurate?

02:12:09PM 5          THE DEFENDANT: Yes.

6          THE COURT: And you did all that for some profit, to

7 receive some money for that, correct?

8          THE DEFENDANT: Yes.

9          THE COURT: Paragraph (c) says that you maintained

02:12:23PM 10 several premises down in Elmira -- 353 Columbia Street, 501

11 West Church Street, and an apartment building at 316 West Gray

12 Street to use and distribute cocaine base.

13          Is that true and accurate?

14          THE DEFENDANT: Yes.

02:12:40PM 15          THE COURT: For the purpose of the agreement, the

16 parties agree that at least 196, but less than 280 grams of

17 cocaine base were the amount involved in the conspiracy that

18 affects the guidelines.

19          All right, anything else the Government wishes to

02:13:01PM 20 proffer relative to the factual basis?  Mr. Walker's

21 admissions seem to be enough.

22          MR. GREGORY: No, Judge.

23          THE COURT: All right. There are guidelines here and

24 there have been several adjustments, some detrimental to

02:13:17PM 25 Mr. Walker and another beneficial to him.  And I guess I could

1  summarize after those calculations, the Government and your

2  lawyer believe you have a criminal history category V and a

3  net offense level of 28, and that means the guideline range is

4  130 to 162, with a fine of between $12,500 and $1 million, a

02:13:48PM 5  term of supervised release of three years, and a $100 penalty

6  assessment.

7          Do you understand what the lawyers believe your

8  guideline range would be in this case?

9              **THE DEFENDANT:** Yes.

02:14:01PM 10             **THE COURT:** Now, normally or in many cases the Court

11  would decide what the guideline range is, and then at

12  sentencing the Court would have to decide whether to sentence

13  you within the guidelines, above the guidelines or below the

14  guidelines.

02:14:17PM 15          But in this case there's another provision which is

16  set forth at paragraph 14 that says the agreement of the

17  parties have determined that the sentence should be within the

18  range of 132 to 144 months.  That means if the Court after

19  reviewing the presentence report accepts this deal, accepts

02:14:38PM 20  the plea agreement, then I must sentence within that range.

21          If for some reason I decide that I cannot accept

22  the plea agreement, then the ball's back in your court and you

23  would have the right to change your mind about pleading

24  guilty.  That's the only circumstance, however, that gives you

02:14:58PM 25  the right to change your mind about pleading guilty after this

1   afternoon.

2          So even though the guidelines are 130 to 162, the

3   parties and the Government have agreed that the sentence

4   should be really at the low end of the guideline range.  And,

02:15:24PM 5   of course, 132; the maximum guideline is 162.  That's a

6   difference of 30 months, two and a half years.

7          So do you understand all that that I just said?

8          **THE DEFENDANT:** Yes.

9          **THE COURT:** Okay.  The procedure is that after we

02:15:41PM 10  leave here today, I'll order a presentence report and I'll

11  review it.  At this point I see no reason why I wouldn't

12  accept this plea and deal, and I'll -- again, today is

13  decision today.  And after today you don't have a right to

14  change your mind about the plea.

02:16:04PM 15         Do you understand that?

16         **THE DEFENDANT:** Yes.

17         **THE COURT:** Okay.  All right. There is a provision

18  later on in the agreement called "appeal rights," page 8,

19  paragraph 21.  It talks about appeal rights, but it really

02:16:24PM 20  means appeal restrictions because under this agreement if I do

21  accept it and sentence you somewhere between 130 to 162

22  months -- I'm sorry, 132 to 144 months, I misspoke -- you have

23  no right to appeal that sentence.

24         Do you understand that?

02:16:49PM 25         **THE DEFENDANT:** Yes.

1          **THE COURT:** That also means not only a direct

2    appeal, but you can't later file something called

3    "*habeas corpus*" or "2255 motion" or a collateral attack

4    challenging the plea and the sentence as long as it's within

02:17:07PM 5    that 132 to 144 months.

6          Do you understand those important provisions?

7          **THE DEFENDANT:** Yes.

8          **THE COURT:** Also, I don't remember the extent of the

9    pretrial motions.  Were there any?

02:17:35PM 10          **MR. GREGORY:** Yes, Judge, there were pretrial

11    motions, there were hearings and we prepared for trial.

12    That's why we are only granting a two point reduction for

13    acceptance of responsibility.

14          Normally when a defendant pleads guilty prior to

02:17:47PM 15    any pretrial motions, we would acquiesce and agree to a full

16    three points for acceptance of responsibility, but we're well

17    down the road.

18          **THE COURT:** Well, I'm just relating to the appeal

19    waiver.  Mr. Walker needs to know that any of the motions that

02:18:02PM 20    were decided earlier by either the magistrate judge or me,

21    when one pleads guilty one gives up the right to challenge any

22    of those pretrial rulings.  Do you understand that?

23          For instance, if there was a motion to suppress

24    evidence and the Court decided it against you or an

02:18:23PM 25    identification issue, by pleading guilty you give up several

1   rights, and one of the rights is to appeal anything that the

2   judges decided before this moment.

3          Do you understand that?

4          **THE DEFENDANT:** Yes.

02:18:41PM 5   **THE COURT:** Okay.  I don't think there's any

6   immigration issues here --

7          **MR. GREGORY:** No.

8          **THE COURT:** -- in terms of deportation?  Okay.

9          We'll go over your legal rights in a minute, but

02:18:59PM 10   before we do anything else in the plea agreement we should

11   discuss --

12          **MR. GREGORY:** No, Judge.

13          **MR. PULLANO:** No.

14          **THE COURT:** -- I would just point out, and we

02:19:08PM 15   discussed this yesterday, but in looking at the plea agreement

16   here, I note that the Government has agreed to let you plead

17   to Count 1, and they at the time of sentencing will dismiss

18   Counts 2 and 3, the firearms offenses.  And as we discussed

19   yesterday, getting rid of or dismissing Count 2, I guess it

02:19:38PM 20   is, the possession of a firearm in furtherance of a drug

21   crime, as we discussed yesterday, if you were convicted of

22   that and the jury also found that you discharged that AK-47,

23   that would be a mandatory 10 year sentence consecutive to

24   anything you might get on the drug count.  I point that out as

02:20:01PM 25   some benefit to you by taking this plea.

 1          The second thing, as we've already discussed, the

 2   Government is not going to file something called an

 3   "Information," which is a technical term which means had they

 4   filed a piece of paper with me called an "Information" telling

02:20:23PM 5   me that you have a prior drug felony, that would increase the

 6   maximum from 20 years to 30 years.  That's a benefit to you.

 7          And also as we've discussed, this plea agreement

 8   provides for an agreed upon committed sentence between 132 to

 9   144 months.  So that also eliminates the possibility of a

02:20:47PM10   judge, you know, imposing a more serious sentence above the

11   guidelines because the judge thinks your prior criminal

12   history category warrants it.  So that's eliminated, too,

13   because of the nature of this plea agreement that your lawyer

14   has worked hard to achieve, with the Government's agreement.

02:21:09PM15          So I point those three things out that sort of

16   benefit you.  I'm not suggesting that a sentence of 132 to 144

17   months is nothing, but as we discussed yesterday, depending on

18   what happened at trial, the sentence range could have been

19   much higher, could have been double.  I think that's a fair

02:21:33PM20   characterization.

21                **MR. GREGORY:** Yes, Judge.

22                **THE COURT:** So I hope you understand and appreciate

23   that, Mr. Walker.  Do you have any questions so far before we

24   talk a little bit about your legal and constitutional rights?

02:21:49PM25                **THE DEFENDANT:** No.

1          **THE COURT:** All right. You have several prior

2    convictions.  My question just relates to whether you've ever

3    gone to trial on anything, or whether they were pleas?

4          **THE DEFENDANT:** They were plea.

02:22:04PM 5          **THE COURT:** All right. Well, I'm sure you've

6    probably received some advice before those pleas, but I need

7    to make sure you understand that you've been indicted here.

8    We have a trial date scheduled for Monday.  There's no rule,

9    of course, that a defendant like yourself at some point must

02:22:22PM 10   step up and plead guilty.

11          That's another way of my saying you have a right to

12   continue your not guilty plea and that would require the

13   Government to present evidence at a trial to have a jury

14   determine whether you're guilty of these three charges or not.

02:22:43PM 15          Do you understand that right to have a jury trial

16   to determine guilt or innocence?

17          **THE DEFENDANT:** Yes.

18          **THE COURT:** And at that trial you'd have the able

19   assistance of a lawyer -- in this case Mr. Pullano -- at every

02:22:56PM 20   step of the way.  So you wouldn't be doing this alone.

21          At a trial you would have the right -- you have to

22   be here, but you wouldn't have to do much else because the

23   burden is on the Government to produce witnesses, to produce

24   evidence of a sufficient quality and nature so that a jury

02:23:16PM 25   could believe by proof beyond a reasonable doubt that you

1    committed these crimes or some of them.

2           Do you understand that?

3           **THE DEFENDANT:** Yes.

4           **THE COURT:** At the trial, if you wished, the Court

02:23:32PM 5    could through subpoena power bring in witnesses that you might

6    like to use in your defense, could produce physical evidence

7    that you might wish to use at the trial.  Your lawyer could

8    question and cross-examine any witness -- police witness,

9    cooperating witness, informant.

02:23:55PM 10           Do you understand that important right that he

11   would have to cross-examine witnesses?

12          **THE DEFENDANT:** Yes.

13          **THE COURT:** You also, sir, if you wish, have the

14   right to take the witness stand and testify in front of the

02:24:05PM 15   jury.  But, on the other hand, no one can make you do that.

16   You have a right to remain silent.  Neither the Government nor

17   the Court can make you take the witness stand unless it's

18   something you decide to do.

19          As I said I think already, you have the right to

02:24:24PM 20   call witnesses in your defense.  And, importantly, the

21   Government has to prove these charges by the highest level in

22   a court of law, that is by proof beyond a reasonable doubt.

23          Do you understand that?

24          **THE DEFENDANT:** Yes.

02:24:38PM 25          **THE COURT:** And do you understand if you enter the

1   plea today, we will not have a trial?  The plea establishes

2   guilt or liability and, therefore, there would be no purpose

3   in having a trial.

4           In your case then the only thing left is for me to

02:24:55PM 5   decide whether I should accept the plea arrangement and then

6   we would proceed to sentencing, and I would accept submissions

7   from both sides and hear what you have to say, if you choose

8   to say anything, and decide where the sentence should fall

9   within the 132 to 144 months.

02:25:19PM 10          Do you understand those matters as well?

11          **THE DEFENDANT:** Yes.

12          **THE COURT:** Mr. Pullano has assisted you in this

13  matter and especially recently working on this agreement.  Are

14  you satisfied with his help and representation up to this

02:25:36PM 15  point?

16          **THE DEFENDANT:** Yes.

17          **THE COURT:** Do you have any beefs or problems

18  between you and Mr. Pullano that we need to discuss or air at

19  this point?

02:25:48PM 20          **THE DEFENDANT:** No.

21          **THE COURT:** All right. We're at the stage then, sir,

22  that we sign a document, that is the plea agreement, but

23  before we do that I'd ask you, once again, if you have any

24  questions that you would like to raise with me or wish to talk

02:26:08PM 25  privately with your attorney?

1          **THE DEFENDANT:** No.

2          **THE COURT:** All right. Then to do the deal here,

3     there is a plea agreement which appears to be on the lectern

4     in front of you.  I guess there were some earlier typos which

02:26:22PM 5     have been corrected?

6          **MR. GREGORY:** Yes, Judge.

7          **THE COURT:** And I'll ask you, sir, to sign that

8     agreement.  By signing it you become bound by all of its

9     terms, and it will be filed today and become part of the

02:26:44PM 10    record.

11         **MR. PULLANO:** Mr. Walker has signed the agreement,

12    I've signed as witness, dated it, and I can pass it up to the

13    Court.

14         **THE COURT:** The agreement has been signed by

02:27:00PM 15    Mr. Walker and by counsel this date, September 13th, 2016.

16    I'll direct that that be filed.

17             Next, Count 1 is the count, and I'll read the

18    charge.  It says between on or about 2012, date being unknown

19    to the grand jury, and on or about November 2nd, 2013, in this

02:27:25PM 20    federal district, the Western District of New York, you,

21    Jerold Walker, also known as Rocco, did knowingly, willfully

22    and unlawfully combine, conspire and agree with others, both

23    known and unknown to the grand jury, to commit the following

24    offenses, that is, to possess with intent to distribute and to

02:27:44PM 25    distribute a quantity of a mixture containing cocaine base --

1  he's just pleading to the cocaine --

2          **MR. GREGORY:** Just the cocaine base, Judge.

3          **THE COURT:** All right. A Schedule II controlled

4  substance, all in violation of Title 21, United States Code,

02:28:06PM 5  Section 841(a)(1) and (b)(1)(C) all in violation of the

6  narcotics conspiracy statute, 846.

7          As to that single count, sir, pursuant to the plea

8  agreement, how do you plead now, guilty or not guilty?

9          **THE DEFENDANT:** Guilty.

02:28:22PM 10          **THE COURT:** All right, after discussing this with

11  Mr. Walker, it's obvious to me that he's quite competent and

12  capable to enter a plea.  The plea does appear to be knowing

13  and voluntary.  There do appear to be ample facts to support

14  the plea.  I would accept the plea, but by rule I must defer

02:28:43PM 15  accepting it until I've had a chance -- defer accepting the

16  agreed upon sentence until I've had a chance to review the

17  presentence report and make a determination at sentencing.

18          I will order a full presentence report.

19          And we should set the matter for sentencing.  It

02:29:05PM 20  takes a while, Mr. Walker, to prepare a report because it's

21  important, but it's also a document that goes with you in the

22  Bureau of Prisons.  So it's important that it be accurate.

23          Today being September 13th, I think we're probably

24  looking at early December for a sentence date.

02:29:27PM 25          **THE CLERK:**  How about the 14th at 2 o'clock?

1       **MR. PULLANO:** That's fine.

2       **MR. GREGORY:** That's fine.

3       **THE COURT:** All right, sentencing December 14th at

4 2 o'clock.  If there are any sentencing submissions, we have a

02:29:43PM 5 schedule for that, Ms. Rand?

6       **THE CLERK:**  Defendant's sentencing submissions by

7 November 29th, and the Government by December 6th.

8       **THE COURT:** All right, that's our sentencing date.

9 Thank you, counsel.  Thank you, Mr. Walker.  I thank you for

02:30:07PM 10 working with your lawyer on this.  It's a difficult decision,

11 but we'll see you then in a couple of weeks.

12       **MR. GREGORY:** Thank you, Judge.

13       **MR. PULLANO:** Thank you, Your Honor.

14       (**WHEREUPON**, the proceedings adjourned at 2:30 p.m.)

15         *   *   *

16       <u>**CERTIFICATE OF REPORTER**</u>

17     In accordance with 28, U.S.C., 753(b), I certify that

18 these original notes are a true and correct record of

19 proceedings in the United States District Court for the

20 Western District of New York before the Honorable David G.

21 Larimer on September 13th, 2016.

22

23 <u>S/ Christi A. Macri</u>

24 Christi A. Macri, FAPR-CRR
Official Court Reporter

25