IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

JEROLD WALKER,

                          Petitioner,                    18-CV-6334DGL
                                                         14-CR-6182DGL

          -vs-

UNITED STATES OF AMERICA,

                          Respondent.
_____


## GOVERNMENT'S ANSWER TO THE PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255


The United States of America, by and through its attorneys, James P. Kennedy, Jr.,

United States Attorney for the Western District of New York, and Douglas E. Gregory,

Assistant United States Attorney, of counsel, hereby makes and files its answer to the

petitioner's motion pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel

relative to his sentence and breach of plea agreement by the government.    As the record

supports the conclusion that there was no breach, and that Walker's plea of guilty was properly

counseled and that he entered into a proposed plea agreement knowingly, willfully and

voluntarily, the collateral attack waiver contained within the agreement should be enforced.

Accordingly, this Section 2255 motion should be dismissed, or in the alternative, denied in its

entirety for lack of merit.

## PROCEDURAL HISTORY

On September 13, 2016, the petitioner, Jerold Walker (hereinafter "Walker") appeared before this Court and, pursuant to a written plea agreement with the government, entered a plea of guilty to a violation of 21 U.S.C. § 846 (conspiracy to possess with intent to distribute, and to distribute, cocaine base). [A copy of the plea agreement is attached hereto as Exhibit 1]. In the written agreement, the parties agreed to a base offense level of 28 plus a two level increase for maintaining a premises to manufacture or distribute a controlled substance pursuant to USSG 2D1.1(b)(12), and a two level downward adjustment for acceptance of responsibility, for a total offense level of 30. (Ex. ¶¶ 8, 9, 10). The parties further agreed that Walker's criminal history category was V, resulting in a sentencing range of 130 to 162 months. (Ex.1, ¶¶ 12, 13). Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed that a term of imprisonment between 132 and 144 months would be the appropriate disposition of this case. (Ex. 1, ¶ 14). The plea agreement contained a waiver of both appellate rights and collateral attack rights. (Ex. 1, ¶¶ 21, 22).

The plea agreement was executed in open court following an extensive plea colloquy. During the course of the colloquy, the Court carefully reviewed the salient terms of the agreement. [A copy of the September 13, 2016 plea hearing transcript is attached hereto as Exhibit 2]. The Court first confirmed that Walker was of sound mind and had not been coerced in any way into entering the plea of guilty (Ex. 2, p. 7-8). The Court informed Walker of the charge against him, the maximum penalties, and the elements of the offense, and confirmed that there was a factual basis to support the plea of guilty (Ex. 2, pp. 9-10, 12-14). The Court discussed the United States Sentencing Guidelines ("USSG") calculations and the sentencing range. (Ex. 2, pp. 14-16). Significantly, the Court confirmed Walker's

understanding that the plea agreement was pursuant to Rule 11(c)(1)(C) and that he was agreeing to a sentence between 132 and 144 months. (Ex. 2, pp. 3, 9, 15-16). The Court also confirmed numerous times that Randolph reviewed the plea agreement with his attorney, and that he was satisfied with his representation. (Ex. 2, pp. 2-6, 8, 13, 22).

When Walker was asked directly by this Court if there was anything contained in the agreement that he did not understand or if there was anything he wanted to ask his attorney or the Court, he responded, "No." (Ex. 2, pp. 19, 22-23). Walker then executed the plea agreement in the presence of the Court. (Ex. 2, p. 23). The Court read the charge to Randolph and Randolph entered his plea of guilty. (Ex. 2, pp. 23-24). This Court then made the following finding:

> THE COURT: … All right, after discussing this with Mr. Walker, it's obvious to me that he's quite competent and capable to enter a plea. The plea does appear to be knowing and voluntary. There do appear to be ample facts to support the plea.

Ex. 2, p. 24. As the record demonstrates, this Court clearly found that the plea was in all respects knowing and voluntary.

Prior to sentencing, U.S. Probation prepared a Presentence Investigation Report ("PSR") which noted that the calculations in the PSR were different than those in the plea agreement. (PSR, ¶ 68). In addition to the two level increase for maintaining a premises and the two level downward adjustment for acceptance of responsibility, the PSR also applied a two level increase for possessing a dangerous weapon pursuant to USSG §2D1.1(b)(1), a two level increase for using violence pursuant to §2D1.1(b)(2), and a three level increase for being a manager or supervisor of a criminal activity pursuant to §3B1.1(b). The result was a total offense level 35. (PSR, ¶¶ 37, 38, 41, 47). Further, the PSR calculated Walker's criminal

history category to be VI, versus category V set forth in the plea agreement, which resulted in a sentencing range of 292 to 365 months imprisonment. (PSR, ¶¶ 62, 67).

This Court thoroughly discussed the differences in the PSR and the plea agreement at the sentencing hearing on May 9, 2017. The Court noted that the guideline range in the PSR was considerably higher. [A copy of the May 9, 2016 sentencing hearing transcript is attached hereto as Exhibit 3, pp. 3, 4-5, 8]. The defense confirmed their objections to the enhancements and requested a sentence at the low end of the sentencing range set forth in the plea agreement. (Ex. 3, pp. 5-6, 10, 11-12). The government noted that it was constrained by the terms of the plea and advocated for a sentence at the high end of the agreed upon range. (Ex. 3, pp. 12-14). This Court accepted the Rule 11(c)(1)(C) plea agreement and sentenced Walker principally to 144 months imprisonment, squarely within the agreed upon range of 132 to 144 months. (Ex. 3, pp. 7, 16). The Court advised Walker that since he was sentenced pursuant to the Rule 11(c)(1)(C) plea agreement, he waived the right to appeal or collaterally attack his sentence, but instructed counsel to consult with Walker about an appeal. (Ex. 3, p. 18). The judgment was filed May 12, 2017, and pursuant to the terms of the plea agreement, Walker did not file a notice of appeal.

On May 2, 2018, Walker filed the present motion pursuant to 28 U.S.C. § 2255, arguing that his attorney provided ineffective assistance of counsel and that the government breached the plea agreement.

## ARGUMENT

Title 28, United States Code, Section 2255 allows a defendant to move to vacate his sentence only if it was imposed in violation of the Constitution or laws of the United States,

or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law. Collateral relief is available only for a constitutional error "that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995), *quoting Hill v. United States*, 368 U.S. 424, 428 (1962). As the Second Circuit has explained, "[t]he reasons for narrowly limiting the relief permitted under § 2255 – a respect for the finality of criminal sentences, the efficient allocation of judicial resources, and an aversion to retrying issues years after the underlying events took place – are 'well known and basic to our adversary system of justice.'" *Bokun*, 73 F.3d at 12; *quoting United States v, Addonizio*, 442 U.S. 178,184 (1979).

Upon entering into the Rule 11(c)(1)(C) plea agreement, Walker knowingly waived his right to collaterally attack any sentence between 130 and 162 months. (Ex. 1, ¶¶ 21, 22). To overcome the waiver provision contained in the plea agreement, Walker must show that the plea agreement was not knowing and voluntary, *United States v. Da Cai Chen*, 127 F.3d 286, 289-90 (2d Cir.1997), because "the advice he received from counsel was not within acceptable standards." *United States v. Torres*, 129 F.3d 710, 715-16 (2d Cir.1997). However, the record supports the conclusion that Walker's plea was fully counseled and entered into knowingly, willfully and voluntarily. Accordingly, the collateral attack waiver contained therein should be upheld and this Section 2255 motion should be dismissed, or in the alternative, denied in its entirety.

# I. WALKER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM IS MERITLESS

## A. Standard of Review

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a performance and prejudice test to evaluate the claim that defense counsel in a criminal case has been ineffective. In order to make a successful ineffective assistance of counsel claim, a defendant faces a "difficult two part test." *DeLuca v. Lord*, 77 F.3d 578, 584 (2d Cir. 1996). He must demonstrate (1) that counsel's performance was deficient as measured against "an objective standard of reasonableness ... under prevailing professional norms," and (2) that counsel's deficient performance was prejudicial to his case. *Strickland*, 466 U.S. at 687-88 (1984); *see also Vadas v. United States*, 527 F.3d 16, 20 (2d Cir. May 3, 2007).

A petitioner cannot meet the first prong of the *Strickland* test merely by showing that his counsel employed poor strategy or made a wrong decision. Instead, a petitioner bears the "heavy burden," *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004), of establishing that his counsel "made errors so serious that [he] was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." *Strickland*, 466 U.S. at 687. There is a "strong presumption" in this regard that a defense counsel's conduct fell within the broad spectrum of reasonable professional assistance. *Id.* at 689; *Vadas v. United States*, 527 F.3d at 20. This presumption is necessary because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence..." *Strickland*, 466 U.S. at 689.

In the context of a guilty plea, a defendant must demonstrate that counsel's deficient performance undermines that voluntary and intelligent nature of a defendant's decision to plead guilty. *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005). A guilty plea "is deemed

'voluntary' if it is not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally." *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988). To satisfy the prejudice prong of *Strickland*, a petitioner must show that there is a "reasonable probability" that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. In the plea context, Walker must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985).

To establish counsel's ineffectiveness, both prongs of the *Strickland* test must be satisfied. A failure to satisfy one prong relieves the Court of the necessity for satisfying the other prong. *Strouse v. Leonardo*, 928 F.2d 548, 556 (2d Cir. 1991). More particularly, "if it is easier to dispose of an ineffective claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *United States v. O'Neil*, 118 F.3d 65, 73 (2d Cir. 1997), *quoting Strickland*, 466 U.S. at 697.

### B. Argument

### 1. Petitioner Cannot Establish Prejudice

Because Walker entered a plea of guilty pursuant to a plea agreement with the government, in order to establish "prejudice," he must show that, but for counsel's errors, there is a reasonable probability that he would not have entered a guilty plea but instead insisted upon proceeding to trial. Walker makes no showing whatsoever in this regard. Nor does he now request to withdraw the guilty plea and proceed to trial. Before this Court, Walker agreed

that it was in his best interests to accept the government's proposed Rule 11(c)(1)(C) plea agreement in which he agreed that a 132 to 144-month term of imprisonment in exchange for his guilty plea was the appropriate disposition of this case. (Ex. 2, pp. 3, 6). Because Walker failed to even allege, must less establish, that but for counsel's errors, there was a reasonable probability that he would not have entered a guilty plea but instead insisted upon proceeding to trial, his Section 2255 claim should be summarily dismissed.

At best, what Walker may suffer from is confusion. His argument is based on an allegation that sentencing enhancements included in the PSR were inappropriate as they were not included in the plea agreement, and that defense counsel was ineffective for not arguing against them in one form or another. (*See* Petitioner's Motion, p. 5). First, defense counsel did indeed object to the enhancements. Second, this Court did not adopt these enhancements nor consider them in determining the sentence to impose, but instead accepted the Rule 11(c)(1)(C) plea agreement and sentenced Walker accordingly. Pursuant to that agreement, Walker agreed to a sentence between 132 months and 144 months, and was ultimately sentenced to 144 months. The fact of the matter is that Walker was presented with a plea agreement that he reviewed with counsel and knowingly entered into. The record is clear that Walker was properly advised of the statutory maximum term of imprisonment and reviewed the applicable sentencing guideline calculations contained in the plea agreement *before* he signed the plea agreement and *before* he entered his guilty plea. (Ex. 2, pp. 9-11, 14-16). In other words, Walker made the decision to enter into the proposed plea agreement fully aware of the consequences. "[I]t is difficult for a defendant who was made aware of the actual sentencing possibilities of a plea to demonstrate that he suffered prejudice as a result of

counsel's error." *United States v. Guidice*, 2004 WL 1152539 at \*5 (S.D.N.Y. May 21, 2004); *see also Ventura v. Meachum*, 957 F.2d 1048, 1058 (2d Cir. 1992).

For these reasons, Walker has not established that but for counsel's alleged errors, he would have proceeded to trial. As such, Walker's motion should be dismissed, as he cannot demonstrate he suffered the required prejudice. *Femia v. United States*, 47 F.3d 519, 526 (2d Cir. 1995)("lack of actual prejudice supplies a fully adequate basis for the district court's sua sponte dismissal of the petition under § 2255.")

### 2. Defense Counsel's Performance was Not Deficient

Although unnecessary given Walker's failure to establish prejudice, the government can quickly rebut Walker's claim that counsel's assistance was not reasonably professional. As the Court knows, defense counsel's competence is presumed, and Walker must rebut this presumption by demonstrating that his attorney's representation was unreasonable under prevailing professional norms. Walker fails to overcome this *strong presumption*, nor has he met the *heavy burden* placed upon him to show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment as required.

### a. Walker's Plea of Guilty Was Knowing and Voluntary

As noted above, in a case where a defendant enters a plea of guilty, to establish deficient performance by counsel, the defendant must show such performance undermined the voluntary and intelligent nature of the decision to plead guilty. *United States v. Arteca*, 411 F.3d at 320. Walker cannot do so as the record clearly demonstrates that his plea was indeed knowing and voluntary.

Walker's plea was executed pursuant to Rule 11 of the Federal Rules of Criminal Procedure, which dictates that the District Court must ensure that a plea is knowing and voluntary. *Hill v. Lockhart*, 474 U.S. 52 (1985). "A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea ... [a] plea is knowing and intelligent when the defendant is competent, aware of the charges and advised by competent counsel." *United States v. Galbraith*, 313 F.3d 1001, 1006 (7th Cir. 2002), *citing Brady v. United States*, 397 U.S. 742, 755 (1970); *see also, Godinez v. Moran*, 509 U.S. 389, 401 (1993) (the purpose of the "knowing and voluntary" inquiry ... is to determine whether the defendant actually does understand the significance and consequences of a particular decision and whether the decision is uncoerced); *United States v. Ready*, 82 F.3d 551, 557 (2d Cir. 1996).

"Three core concerns underlie [Rule 11]: (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v. Siegel*, 102 F.3d 477, 481 (11th Cir. 1996), *see also United States v. Magana*, 147 Fed. Appx. 200, 201 (2d Cir. 2005). To accomplish this aim, Rule 11 "ensures a colloquy that 'exposes the defendant's state of mind in the record through personal interrogation.'" *Key v. United States*, 806 F.2d 133, 136 (7th Cir. 1986) (citations omitted). "[W]here the court has scrupulously followed the required procedure, 'the defendant is bound by his statements in response to that court's inquiry.'" *Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir. 1992) (citations omitted).

This Court scrupulously followed the Rule 11 directives, and based on Walker's answers, found that his plea was entered knowingly and voluntarily. (Ex. 2, p. 24). The transcript of the plea proceeding thoroughly demonstrates that all of the requirements were

met to establish that Walker's plea of guilty was indeed knowingly and voluntarily entered, and in no way the result of coercion or other promises made. As noted previously, this Court confirmed that Walker was of sound mind when he entered his guilty plea and that nobody was forcing, threatening, or coercing him to enter the plea of guilty. (Ex. 2, pp. 7-8). The Court confirmed that Walker reviewed the plea agreement with counsel *prior* to entering the plea, and confirmed Walker was satisfied with the representation provided by defense counsel. (Ex. 2, pp. 2-6, 8, 13, 22). This Court further confirmed that Walker understood the nature of the charge and the consequences of pleading guilty. (Ex. 2, pp. 9-12, 14-16). The Court advised Walker of the of the elements of the offense, the trial rights he was foregoing by pleading guilty, and confirmed that a factual basis existed to support the plea of guilty. (Ex. 2, pp. 12, 13-14, 20-22). When Walker was twice asked by this Court if there was anything he wanted to ask the Court or his attorney, he replied, "No." (Ex. 2, p. 19, 22-23).

The last paragraph of the agreement itself states that Walker read and understood the agreement, had a full opportunity to discuss the contents of the agreement with counsel, that he fully agreed with the contents of the agreement and that he was signing it voluntarily. (Ex. 1, p. 13). Walker clearly understood the significance and consequences of his decision. Nothing has changed to disturb this Court's factual determination at the hearing that the plea was knowingly and voluntarily. (Ex. 2, p. 24). No basis exists for finding that Walker's guilty plea did not represent "a voluntary and intelligent choice among the alternative courses of action open to [him]." *See Spinner v. Wofford*, 2015 WL 667688, at *9 (C.D. Cal. 2015); *quoting Hill v. Lockhart*, 474 U.S. at 56. Undoubtedly, Walker knowingly, intelligently, and voluntarily entered his plea of guilty to a violation of 21 U.S.C. § 846.

### b.    Counsel was not Ineffective at Sentencing

Walker claims ineffective assistance of counsel at sentencing as his first ground for relief.  In support of this claim, Walker makes four statements that relate to enhancements that were applied to his base offense level in the PSR that were not in the plea agreement.  As a result of these enhancements, the sentencing range in the PSR was significantly higher than that in the plea agreement.  Notwithstanding, this Court sentenced Walker pursuant to the terms of the Rule 11(c)(1)(C) plea agreement and the guideline range contained therein.  Since this Court did not consider the enhancements of which Walker now complains when imposing the sentence, Walker cannot demonstrate that counsel's performance was deficient for failing to present arguments against such enhancements.

1)    Walker states counsel was ineffective for "not objecting to the government advocating for a weapon enhancement that was not agreed to in plea agreement…"  (*See* Petitioner's Motion, p. 5).  The government did not advocate for the weapon enhancement.  In fact, in its' sentencing statement, the government specifically acknowledge that, pursuant to *United States v. Lawlor*, 168 F.3d 633, 638 (2d Cir. 1999), it was foreclosed from advocating for the imposition of a higher offense level and criminal history category than that in the plea agreement.  The government then proceeded to request a sentence at the high end of the agreed upon sentencing range set forth in the plea agreement. (*See* Statement of the Government with Respect to Sentencing Factors, attached hereto as Exhibit 4).  Further, at sentencing, the government acknowledged its obligation to abide by the terms of the plea agreement, stating,

MR. GREGORY:  Thank you, Judge.

As we indicated in our sentencing statement, we are constrained by *Lawlor* to only advocate for the sentence that we agreed to and that was a range of 132 to 144 months.

In this case, Judge, it's the type of case where there's no question in my mind that the sentence at the top end of 144 months is not only warranted but it was certainly earned by this defendant. He earns the 144 months.

Ex. 3, Sentencing Transcript, pp. 12-13. The record is abundantly clear that the government did not advocate for the weapon enhancement. Obviously then, counsel's performance cannot be found to be deficient in failing to object to action that did not occur.

2)     Walker states counsel was ineffective for "not introducing grand jury transcripts from 'Dwayne Banks', alleged victim, testifying that 'def. <u>did</u> <u>not</u> fire a weapon at him or possess one.'" (*See* Petitioner's Motion, p. 5). Such testimony would have only refuted the application of the weapon enhancement. Since Walker was not sentenced pursuant to the sentencing range in PSR that was based, in part, on the weapon enhancement, there was no need for such rebuttal evidence. Thus, counsel's performance in failing to submit the testimony cannot be held to be deficient or unreasonable.

3)     Walker states counsel "did not object to sentencing Judge's recitation of unsupported, alleged acts at sentencing." He is referring to this Court's statements regarding a shooting which would have been pursued had Walker proceeded to trial. (*See* Petitioner's Motion, p. 5; Ex. 3, Sentencing Tr., p. 5). This Court was simply discussing the acts that appeared to be relied upon to apply the additional enhancements included in the PSR. Again, as Walker was not sentenced according to the range set forth in the PSR, counsel was not deficient for failing to object to statements of this Court regarding facts that were not considered in determining his sentence.

4)      Walker indicates that counsel should have objected to "the courts adoption of enhancements that were not in binding plea agreement … as well as the use of alleged and unsupported acts used at sentencing to determine where to sentence defendant." (*See* Petitioner's Motion, attachment).   Once again, Walker's sentence was based only on the agreed upon sentencing range in the Rule 11(c)(1)(C) plea agreement, not the enhancements applied in the PSR.   Thus, there was no basis to object.   Though a discussion ensued regarding the enhancements included in the PSR, the Court was clear that Walker's sentence was based only on the range to which he agreed.

> THE COURT: … I'm prepared to say that I will accept the Rule 11(c)(1)(C) agreement.
>
> * * *
>
> … I did indicate that I am going to accept the Rule 11(c)(1)(C) agreement.   But I am going to commit and I do sentence you to the top of the range, 144 months.   Based on the record that I have described in part and the nature of the events here, I will commit you to a term of 144 months which is within the 11(c)(1)(C) range.

Ex. 3, Sentencing Tr., pp. 7, 16.   Once more, since the enhancements were not adopted by this Court, no basis existed to object; therefore, counsel was not deficient for failing to do so.

On the other hand, what defense counsel did in fact do was object to the enhancements applied in the PSR at the earliest possible opportunity.   After reviewing the PSR, counsel filed the Defendant's Statement with Respect to Sentencing Factors, in which counsel specifically objected to the application of the weapon enhancement pursuant to §2D1.1(b)(1) and the violence enhancement pursuant to §2D1.1(b)(2), reminding this Court that they were not contemplated by the plea agreement, and that they were based on allegations in Counts 2 and 3 of the indictment that would be dismissed at sentencing.   At the sentencing hearing, defense

counsel renewed those objections, again stating that they were not part of the guideline calculations in the plea agreement which were agreed upon by the parties. (Ex. 3, pp. 5-6, 10).

Walker makes one additional statement in support of his ineffective assistance claim; that counsel failed to acknowledge the government's statement regarding a request for a third point for acceptance of responsibility. Since Walker decided to plead guilty on the eve of trial, after thorough preparations by the government, the parties agreed that a two level downward adjustment for acceptance of responsibility would be appropriate. (Ex. 1, ¶ 11; Ex. 3, p. 8). The PSR followed the plea agreement and applied a two level downward adjustment for acceptance of responsibility. In the sentencing statement to which Walker is now referring, the government mistakenly stated that it moved for the third point for acceptance. However, this was clarified at the sentencing hearing in that the government did not move for the third point when it advocated for a sentence not only within the guideline range agreed to in the plea agreement but at the high end of that range, a range that was based on a two-point reduction and was silent regarding any application of a third point. The defendant is well aware that he waited until the last possible moment to plead guilty, that the plea agreement to which he agreed only applied a two level reduction, as did the PSR, and he did not object to the level of that reduction in his sentencing statement or at the sentencing hearing. Thus, counsel was not deficient in failing to raise an issue that would have been frivolous, as the intent of the parties regarding the application of the acceptance of responsibility adjustment was clear throughout the pleadings and proceedings. And since he was sentenced within the agreed upon range in the Rule 11(c)(1)(C) plea agreement, Walker suffered no prejudice.

In sum, Walker received numerous benefits from entering into the Rule 11(c)(1)(C) agreement. First, the remaining counts of the indictment were dismissed. In addition to the

narcotics conspiracy to which Walker pled guilty, the indictment charged a violation of 18 U.S.C. § 924(c), using, carrying, and discharging a firearm during and in relation to a drug trafficking, and possessing and discharging in furtherance of such crime; and a violation of 18 U.S.C. § 922(g)(1), being a convicted felon in possession of a firearm. Had Walker been found guilty of the Section 924(c) charge, he would have faced a statutory mandatory minimum term of imprisonment of ten years to be served *consecutively* to any other sentence. Further, if found guilty after trial, Walker would have faced the application of the enhancements of which he now complains, as well as the filing of an information pursuant to 21 U.S.C. § 851, which would have raised the maximum possible term of imprisonment on the drug conspiracy alone to 30 years. Instead, with the calculations in the plea agreement, his guideline range was set at 130 to 162 months, with the parties agreeing that a sentence within 132 to 144 months was appropriate. This range included a two-level downward adjustment for acceptance of responsibility. Had Randolph proceeded to trial, he would not have earned that acceptance of responsibility decrease to his base offense level. In all, his counsel skillfully negotiated a plea agreement that capped his exposure at 144 months. Considering the many benefits Walker received as a direct result of defense counsel's performance, counsel was far from being deficient. This claim is without merit.

## II.  THE GOVERNMENT DID NOT BREACH THE PLEA AGREEMENT

Under Ground Two of the form motion, Walker claims that the government breached the plea agreement by advocating for a weapons enhancement at sentencing. *See* Petitioner's Motion, p. 6. As noted above, though, the government did not advocate for that enhancement or any other enhancement that was applied in the PSR but not the plea agreement. Again, in

its' sentencing statement, the government specifically acknowledge that, pursuant to *United States v. Lawlor*, 168 F.3d 633, 638 (2d Cir. 1999), it was foreclosed from advocating for the imposition of a higher offense level and criminal history category than that in the plea agreement, and proceeded to request a sentence at the high end of that agreed upon sentencing range set forth in the plea agreement, which did not include the weapons enhancement. Also as noted, the government at sentencing acknowledged its obligation to abide by the terms of the plea agreement, stating,

> MR. GREGORY: Thank you, Judge.
>
> As we indicated in our sentencing statement, we are constrained by *Lawlor* to only advocate for the sentence that we agreed to and that was a range of 132 to 144 months.
>
> In this case, Judge, it's the type of case where there's no question in my mind that the sentence at the top end of 144 months is not only warranted but it was certainly earned by this defendant. He earns the 144 months.

Ex. 3, Sentencing Transcript, pp. 12-13. The record is abundantly clear that the government did not advocate for the weapon enhancement; thus, it did not breach the plea agreement in that respect. Walker's claim is simply meritless.

## III. BECAUSE WALKER CANNOT DEMONSTRATE HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, HIS SECTION 2255 MOTION IS PROCEDURALLY BARRED BY THE COLLATERAL ATTACK WAIVER

In exchange for receiving a plea offer to a single count and an "agreed upon" sentencing range, Walker was required to waive his ability to collaterally attack any sentence that did not exceed 162 months. (Ex. 1, ¶ 20, 21). Since the sentence imposed by this Court was 144 months, Walker should not be allowed to proceed on this motion. Where, as here, a

defendant knowingly and voluntarily waives his appeal and § 2255 rights in a plea agreement and obtains the benefits of the plea agreement, this Court should enforce the § 2255 waiver provision and dismiss the petition. *Garcia-Santos v. United States,* 273 F.3d 506 (2d Cir. 2001) (per curiam); *Mercedes v. United States*, 2002 WL 1974050, at *2-3 (S.D.N.Y. Aug. 27, 2002).

The Government recognizes there is an exception to the general rule outlined in the preceding paragraph. That is, the procedural bar can be removed if it is established that ineffectiveness of counsel rendered the petitioner's plea, and his appeal and collateral attack waivers therein, unknowing and involuntary. *See United States v. Hernandez*, 242 F.3d 110, 113-14 (2d Cir. 2001) (per curiam); *United States v. Parisi*, 529 F.3d 134, 138 (2d Cir. 2008); *Frederick v. Warden, Lewisburg Correctional Facility*, 308 F.3d 192, 195-96 (2d Cir. 2002); *Summers v. United States*, 2014 WL 4829207, at *2 (W.D.N.Y. Sept. 29, 2014). However, as the government has shown above, the ineffective assistance claim Walker asserts is without merit, and his plea of guilty was indeed entered knowingly and voluntarily. (*See* Section I, *supra*.). Having agreed to the terms of the plea agreement, and having been sentenced within the sentencing range to which he agreed, Walker should not now be allowed to undo his agreement with the government.

It is "well-settled that a defendant's knowing and voluntary waiver of his right to [collaterally attack] a sentence within an agreed upon guidelines range is enforceable." *United States v. Djelevic*, 161 F.3d 104, 106-07 (2d Cir. 1998) (per curiam) (citing cases). Indeed, the Second Circuit has repeatedly upheld waivers of collateral attack holding that "[t]here is no general bar to a waiver of collateral attack rights in a plea agreement". *Frederick v. Lewisburg Correctional Facility*, 308 F.3d 192, 195 (2d Cir. 2002); *see also Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001); *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). ("[T]he

representations of the defendant [at a plea hearing] ... constitute a formidable barrier in any subsequent collateral proceeding. ... The subsequent presentations of conclusory allegations unsupported by specifics [in a habeas petition] is subject to summary dismissal.").

In *United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993), the Second Circuit summarized:

> [A] defendant who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, [may not] then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless.

990 F.2d at 53; *see also United States v. Granik*, 386 F.3d 404, 412 (2d Cir. 2004)("Knowing and voluntary appellate waivers included in plea agreements must be enforced because, if they are not, the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants."). "Like a waiver of direct appeal rights, [a § 2255 waiver] serves the government's interest in avoiding both the expense and uncertainty of further litigation". *Garcia-Santos v. United States*, 273 F.3d at 509.

As the record unambiguously establishes, Walker's plea was knowing, voluntary, and intelligent, including collateral attack waiver. Accordingly, the collateral attack waiver provision contained in the plea agreement should be upheld and the instant § 2255 motion dismissed.

## IV. THE PETITIONER'S MOTION SHOULD BE DENIED WITHOUT A HEARING

Petitioner's motion should be dismissed and/or denied without a hearing. Since the files and records of the case conclusively show that the petitioner is entitled to no relief, an evidentiary hearing is unnecessary. 28 U.S.C. § 2255. *See also Chang v. United States*, 250 F.3d

79, 86 (2d Cir. 2001) (within court's discretion to find an evidentiary hearing unnecessary); *United States v. Aiello*, 900 F.2d 528, 534 (2d Cir. 1990) (when making its determination regarding the necessity of a hearing, the district court may draw upon its personal knowledge and recollection of the case).

## CONCLUSION

For the foregoing reasons, the United States of America respectfully requests that petitioner's motion be dismissed, or in the alternative, denied in its entirety. Moreover, pursuant to 28 U.S.C. § 2253, the Court should decline to issue a Certificate of Appealability, since petitioner has not made a substantial showing of the denial of a constitutional right.

DATED:    Rochester, New York
          April 16, 2019

                        Respectfully submitted,

                        JAMES P. KENNEDY, JR.
                        United States Attorney


              By:    s/DOUGLAS E. GREGORY
                     Assistant United States Attorney
                     United States Attorney's Office
                     Western District of New York
                     100 State Street, Suite 500
                     Rochester, New York 14614
                     (585) 399-3938
                     Douglas.Gregory@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

JEROLD WALKER,

                    Petitioner,                      18-CV-6334DGL
                                                          14-CR-6182DGL

       -vs-

UNITED STATES OF AMERICA,

                    Respondent.

_____

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 16, 2019, I electronically filed the foregoing with the Clerk

of the District Court using its CM/ECF system.

I hereby certify that I have mailed the foregoing, by the United States Postal Service, to

the following non-CM/ECF participant:


Jerold Walker
Reg. No. 23809-055
AUSP Thomson
P.O. Box 1002
Thomson, IL  61285


                                          s/Theresa B. Weir