UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

         Plaintiff,

   v.

JEROLD WALKER,

         Defendant.
_____

DECISION & ORDER

14-CR-6182L
18-CV-6334L

**PROCEDURAL BACKGROUND**

On the eve of trial, Jerold Walker ("Walker") pleaded guilty pursuant to a written Plea Agreement (Government's Answer, Ex. 1) to conspiracy to possess with intent to distribute and to distribute cocaine base in violation of 21 United States Code, Section 846. By statute, he faced a term of imprisonment of 20 years. The parties agreed that his range under the United States Sentencing Guidelines ("Guidelines") with a Criminal History V, Offense Level 28, would be 130-162 months. Nevertheless, the plea was submitted pursuant to Fed. R. Crim. Proc. 11(c)(1)(C) with an agreed-upon sentencing range of 132-144 months, significantly lower than the expected Guidelines range.

The Court conducted sentencing proceedings on May 9, 2017 (Government's Answer, Ex. 3) and the Court accepted the Rule 11(c)(1)(C) sentencing range and imposed a sentence of 144 months. The Court accepted the agreement of the parties as to the sentencing range in spite of the fact that the Probation Office determined that Walker's correct Guidelines range should be 294-365 months, which would be limited to 240 months, the statutory maximum.

The Plea Agreement contained a provision barring any appeal or collateral challenge as long as the Court's sentence was within the range agreed to pursuant to Fed. R. Crim. Proc. 11(c)(1)(C). Walker did not file any direct appeal.

Walker has now filed, *pro se*, a motion to vacate or set aside the judgment and conviction pursuant to 28 U.S.C. § 2255. Walker claims he is entitled to relief because of ineffective assistance of trial counsel and because the Government allegedly breached the terms of the Plea Agreement. The Government has filed a detailed Answer (Dkt. #100) with attached Exhibits. I find no merit in any of the claims raised by Walker and therefore I deny the Petition for relief and also deny a Certificate of Appealability.

A careful review of the Plea Agreement, the plea proceedings, and the sentencing proceedings demonstrates clearly that Walker is entitled to no relief. First of all I note, as does the Government, that the Rule 11(c)(1)(C) Plea Agreement provided that Walker agreed to waive his right to appeal or collaterally attack any sentence which the Court imposed within the 132-144 months range. Although this Court expressed some reasons for not accepting the agreed-upon sentencing range, principally the much higher Guidelines range found by the Probation Office, ultimately the Court did impose a sentence within the range.

The plea colloquy on September 13, 2016 (Government's Answer, Ex. 2) demonstrates that all requirements of Rule 11 were fully met. Walker was repeatedly asked if he understood the agreement and all of its terms, including the agreed-upon sentencing range and the waiver of appeal or collateral attack. The record clearly supports the conclusion that Walker's plea was entered into knowingly, willfully and voluntarily. Therefore, this collateral attack on the conviction and judgment should be precluded by terms of the Plea Agreement and Walker's Section 2255 proceedings should be dismissed on that basis alone.

On the merits, Walker's allegations of ineffective assistance of counsel and his allegation that the Government breached the Plea Agreement are meritless. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established the two-part performance and prejudice test to evaluate a claim that defense counsel rendered ineffective assistance of counsel. To make a successful claim, a defendant faces a difficult two-part test and must demonstrate both that counsel's performance was deficient and that that performance prejudiced his case. *Strickland*, 466 U.S. at 687-88. Walker fails to satisfy either test.

First of all, Walker has failed to demonstrate that counsel's performance was deficient in any way. There is, of course, a strong presumption that counsel's performance was reasonable under objective standards. It is clear from reading the transcript of the plea proceeding that Walker was advised of all of aspects of the Plea Agreement.

The bulk of Walker's claims relate to allegations of ineffective assistance at sentencing. As mentioned above, the Probation Office did make several additional calculations when it set forth its view as to the Guidelines in the Presentence Report. The Probation Office did recommend several enhancements, detrimental to Walker which raised the Guidelines to the statutory maximum of 240 months. Walker claims in his present Petition that his trial lawyer failed to object to those enhancements. However, even a cursory review of the sentencing proceedings demonstrates the contrary. Walker's attorney, Peter Pullano, a very experienced practitioner, did object to the enhancements (Government's Answer, Ex. 3 at 5-6) but noted that those objections were moot since the Court had indicted its willingness to impose a sentence within the agreed-upon range pursuant to Rule 11(c)(1)(C). The Court also referenced those enhancement, and determined that they were warranted (Government's Answer, Ex. 3 at 8) but the Court specifically stated that

it would not sentence according to those enhancement but according to the range agreed to in the Plea Agreement.

The Court did choose the high end of the agreed-upon range, 144 months. There was ample basis to do that. Walker had a very extensive criminal history, admitted maintaining the premises to distribute drugs and agreed that the drug quantity was between 196-280 grams of cocaine base. He was a significant narcotics dealer in the Southern Tier of New York.

It is also worth noting the substantial benefits that Walker received by entering into this Plea Agreement. As the Government points out, had Walker been convicted at trial of the count in the Indictment involving a firearm, he would have faced a mandatory 10-year consecutive sentence under 18 U.S.C. § 924(c). In addition, because of the plea, the Government dropped the other counts to the Indictment. Furthermore, Walker did have a prior conviction but the Government did not file an Information pursuant to 21 U.S.C. § 851 which, had it done so, would have increased the statutory maximum to 30 years rather than 20. So Walker received every benefit that he bargained for and has no basis whatsoever to complain now to the contrary.

Walker also contends that the Government breached the Plea Agreement by advocating for enhancements and adjustments not agreed to in the Plea Agreement. The record at the sentencing proceeding completely rebuts that though. Both the Sentencing Statement filed by the Government and the prosecutor's statement at sentencing (Government's Answer, Ex. 3 at 12-13) demonstrate the Government's recognition of its obligations under Second Circuit authority (the *Lawlor* decision) to only advocate for the sentencing range and the adjustments agreed to in the Plea Agreement. The prosecutor did not urge the Court to accept any of the adjustments and in fact the Court did not do so. The prosecutor did urge the Court to impose a sentence at the high end of the

Guidelines range which he was certainly entitled to do just as defense counsel requested a sentence at the "lower end" of the Guidelines range. (Government's Answer, Ex. 3 at 11-12).

So, in sum, I believe Walker has failed to demonstrate that his trial counsel provided ineffective assistance of counsel. Walker has failed to demonstrate any deficient performance and no prejudice. Even now, Walker does not seek to withdraw his plea because to do so could, of course, result in his loosing the significant benefits that he obtained by pleading guilty. Based on the facts of this case, counsel's performance was indeed effective and benefitted Walker.

I also find that the Government did not breach the terms of the Plea Agreement by advocating for any adjustment not contained in the Plea Agreement.

The prosecutor and defense counsel made their sentencing requests and the Court imposed a sentence, 144 months, which was within the range agreed to by Walker at the time of the plea. There is no basis for relief here.

## **CONCLUSION**

The Petition for habeas corpus relief pursuant to 28 U.S.C. § 2255 (Dkt. #86) is in all respects DENIED.

Furthermore, I deny a Certificate of Appealability because Walker has failed to make a substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 29, 2020.